

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

IN RE: A. C. C.

Charles E. Chapman and Margaret L. Chapman, Parent/Co-Guardians
of Alexander C. Chapman ("A.C.C." or "Alex"); Alexander C. Chapman          Plaintiffs

v.                                                    Civil Action No. 1:17cv75 HSO-JCG

RevClaims, LLC, a Mississippi LLC Entity;
Memorial Hospital at Gulfport ("MHG"), a Mississippi Entity;
United Health Care Services, Inc. ("UHC") and OPTUM (Putative Assignees of
Putative Claims of the Welfare Plan Committee of Lowe's Companies, Inc.
and/or Lowe's); Lowe's Welfare Plan and JOHN DOES 1-5                       Defendants

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, come Defendants, UnitedHealthCare ("United"), identified in Plaintiffs' state-court Complaint as United HealthCare Services, Inc., Optum 360, LLC ("Optum"), identified in Plaintiffs' state-court Complaint as "OPTUM," and the Lowe's Welfare Plan (the "Plan," and, together with United and Optum, "Defendants") and, with a full reservation of rights, file this Notice of Removal and aver that this matter is hereby removed to this Court on the following grounds:

1.

On or about February 13, 2017, Plaintiffs, Charles E. Chapman, Margaret L. Chapman, and Alexander C. Chapman, filed this action in the Chancery Court of Harrison County, Mississippi, First Judicial District (the "1st JDC"), titled "*Charles E. Chapman and Margaret L. Chapman, Parents/Co-Guardians of Alexander C. Chapman; Alexander C. Chapman v. RevClaims, LLC, a Mississippi Entity; Memoriam Hospital at Gulfport ("MHG"), a Mississippi Entity; United Health Care Claims Services, Inc. ("UHC") and OPTUM (Putative Assignees of*

4843-1975-0468 v3
2917910-000080

*Putative Claims of the Welfare Plan Committee of Lowe's Companies, Inc. and/or Lowe's); Lowe's Welfare Plan and JOHN DOES 1-5*, and bearing Docket Number 14-1815. The Plaintiffs in this lawsuit are Alexander C. Chapman ("ACC") and his parents, who claim to appear in a representative capacity as to ACC.[1]

2.

Plaintiffs served Optum, the first-served Defendant in this lawsuit, on February 14, 2017. Thereafter, Defendants have procured the consent of each of the other defendants in this lawsuit to this removal (other than the consent of the "John Doe" Defendants, which is not required). Thus, this Notice of Removal is timely filed, *i.e.*, no more than thirty (30) days after service of the Petition on the first-served Defendant, in accordance with 28 U.S.C. §§ 1441 and 1446 (copies of the Service of Process Transmittal, Citation, and Complaint are attached hereto in accordance with 28 U.S.C. § 1446(a) as **Exhibit "1."**).

3.

Although somewhat difficult to derive from the content of Plaintiffs' Complaint, the facts bearing on this removal are actually quite simple. On or about May 26, 2014, ACC was injured in a car accident (the "Accident") that occurred on Interstate Highway 10. *See* Complaint, ¶ 4. As a result of the Accident, Plaintiffs alleged that ACC incurred various forms of losses and damages, including costs and expenses in connection with the medical treatment of ACC's injuries. *Id.* At the time of ACC's Accident, and thereafter, he was a beneficiary - a "covered

---

[1] Plaintiffs styled their claim as though Charles E. Chapman and Margaret L. Chapman are serving in a representative capacity as the parents and co-guardians for Alexander C. Chapman. As will be shown during the proceedings, such representative capacity is unnecessary as: (a) all of the events that gave rise to Plaintiffs' lawsuit and this Notice of Removal occurred after ACC turned 18 years of age (at the time of this removal, he is now over 21 years of age); and (b) the issues in this lawsuit involve contractual claims, as to which ACC ceased to be a minor at such time as he turned 18 years of age. *See* Miss. Code. Ann. § 93-19-13. *See also Garret v. Gay*, 394 So.2d 321, 323 (Miss. 1981) (Section 93-19-13 removes the disability of minority of all persons 18 years of age or older for the purpose of entering into contracts affecting personal property, including the right to settle a claim, and accept money in the settlement of a claim).

2

dependent" - of the Plan by virtue of his mother's employment with Lowe's Companies, Inc. *Id.* at ¶ 7(D). The Plan is a group welfare benefit plan sponsored by Lowe's and governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Among other benefits provided to Plan participants and beneficiaries are group health benefits that are self-funded by Lowe's.

4.

The Plan issued a total of $164,679.80 in health care benefits on behalf of ACC as payment of costs and expenses associated with the treatment of the injuries ACC sustained in connection with the Accident.

5.

The Plan contains clear reimbursement and subrogation language that permits the Plan to "seek reimbursement of expenses that are paid by the Plan on behalf of you or your covered dependents . . . if those expenses are related to the acts of a third party (for example, if you are involved in an automobile accident). The Plan may seek reimbursement of these expenses from any recovery you may receive from the third party or another source, including from any insurance proceeds, settlement amounts or amounts recovered in a lawsuit." The language of the Plan also makes clear that the Plan has a first priority right to receive payment on any claim against a third party before ACC receives payment from that third party, and that the first priority right of the Plan is superior to any and all claims, debts or liens asserted by any medical providers against amounts recovered from third parties by ACC. In addition, the Plan specifically rejects the so-called "make-whole" doctrine. The Plan's Summary Plan Description contains similar reimbursement/subrogation language. Thus, ACC accepted the benefits paid by

3

the Plan on his behalf under the express condition that he would reimburse the Plan for any such paid benefits if he received recovery from any third party.

6.

At the time of ACC's Accident, Blue Cross Blue Shield of Alabama was the claims administrator for the Plan. Among its responsibilities as claims administrator, Blue Cross handled certain health benefit claims and appeals from Plan participants and beneficiaries. In addition, it was also responsible for submitting claims for reimbursement and subrogation on behalf of the Plan, pursuant to the Plan reimbursement and subrogation language discussed above. Eventually, United assumed the responsibilities of Blue Cross described in this paragraph, including the obligations to assert reimbursement and subrogation claims on behalf of the Plan.

7.

Although not addressed in detail by Plaintiffs in their Complaint, ACC's Accident has already led to litigation. Following the Accident, ACC retained the services of an attorney and pursued claims arising from the Accident against several third parties in a lawsuit titled *Chapman v. Kumar Ashok et. al*, docket number 2:15-cv-01674, United States District Court for the Eastern District of Louisiana. On or around November 18, 2015, ACC advised the Plan, through his counsel, that he had reached a settlement of those third party claims.

8.

After receiving notification of ACC's settlement of his third party claims, the Plan made numerous attempts to obtain reimbursement from ACC's third party recovery of the health care benefits it paid on ACC's behalf. Each of those attempts were either ignored or rejected. Eventually, the Plan sent ACC's counsel a draft Complaint and informed counsel that it would be

instituting proceedings in this Court for reimbursement of the medical benefits the Plan paid on behalf of ACC, including an equitable claim for relief under Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). *See* Draft Complaint, attached as **Exhibit "2."**

9.

In an apparent attempt to avoid the Plan's lawsuit and its valid exercise of its rights under ERISA, and other laws, to obtain reimbursement of the medical benefits it paid on behalf of ACC, counsel for ACC filed the instant lawsuit in Mississippi state court.

10.

Although Plaintiffs styled their Petition as a Mississippi state law claim for interpleader and other claims and remedies, those claims, at least with respect to the Plan, are preempted by ERISA. As shown above, Plaintiffs' claim actually relates to and/or concerns an employee benefit plan as defined by Section 3 of ERISA, and Plaintiffs' and the Plan's respective right to benefits, and reimbursement of benefits, under the Plan. Plaintiffs' lawsuit also relates to the interrelationship of traditional ERISA entities: the Plan, Lowe's - the Plan sponsor, United, the Plan's claim administrator, and the beneficiary, ACC. *See, e.g., Carducci v. Aetna U.S. Healthcare*, 204 F.Supp.2d 796, 803-04 (D.N.J. 2002) (state law claims for unjust enrichment due to subrogation actually arose under ERISA and were, therefore, preempted and construed as ERISA claims).

11.

Among other claims, Plaintiffs, by way of their purported state interpleader claim, seek a declaration as to the rights of the Plan to reimbursement of the benefits it paid on behalf of ACC as a result of the Accident. Thus, in essence, Plaintiffs' action, as asserted in Mississippi state court, is actually either a disguised "inverse" subrogation/reimbursement claim (*i.e.*, an attempt

5

to avoid the Plan's subrogation/reimbursement claim) under Section 502(a)(3) of ERISA,[2] or a disguised claim for benefits under Section 502(a)(1)(B) of ERISA, 29 U.S.C. 1132(a)(1)(B). District courts, when faced with disguised ERISA claims, typically construe them as what they are. *See, e.g., Carducci*, 204 F.Supp.2d at 803 (plaintiffs state law claims arising from dispute over subrogation actually arose under ERISA and would be construed as such); *Grooms v. Reliance Standard Life Ins. Co.*, No. 08-795, 2009 WL 2878848, at * (M.D.N.C. Sept. 3, 2009) (finding plaintiff's claim for negligent failure to inform to be preempted, and construed as a claim for benefits under ERISA Section 502(a)(1)(B)).

12.

For all of these reasons, this Court has original jurisdiction over this action, and this case may be properly removed to this Court pursuant to 28 U.S.C. § 1441(a), in that the captioned matter is a "civil action arising under the Constitution, laws, or treaties of the United States," and, specifically, either a claim for reimbursement/subrogation arising under Section 502(a)(3) of ERISA or a claim for benefits under Section 502(a)(1)(B) of ERISA. *See* 28 U.S.C. § 1331; 29 U.S.C. § 1001, *et seq.*

13.

Defendants have provided notice to Plaintiffs by mailing them, through counsel, a copy of this Notice and the state court Notice of Filing of Notice of Removal. Defendants have also provided notice to the Clerk of Court for the 1st JDC through the filing of this Notice and the Notice of Filing of Notice of Removal into the record of the state court action (the Notice of Filing of Notice of Removal is attached hereto as **Exhibit "3."**).

---

[2] In other words, it is either an attempt to have the Court declare that the Plan's ERISA Section 502(a)(3) subrogation claim is invalid, or to obtain some other judgment or ruling that would interfere with the Plan's ability to validly assert its ERISA subrogation claim.

**WHEREFORE,** Defendants, with the consent of the other defendants in this lawsuit whose consent is required, pray that this matter be removed to the United States District Court for the Southern District of Mississippi for further proceedings and disposition.

Respectfully submitted,

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

BY: /s/ Jean C. Bertas

Jean C. Bertas, MS Bar No. 103837
100 Vision Drive, Suite 400
One Eastover Center
P. O. Box 14167
Jackson, Mississippi 39211
Telephone: (601) 351-2400
Facsimile: (601) 351-2424
Email: jbertas@bakerdonelson.com

- and -

Christopher G. Morris, LA Bar Roll #28847
*(pro hac vice application forthcoming)*
Daniel P. Guillory, LA Bar Roll #31180
*(pro hac vice application forthcoming)*
**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**
450 Laurel Street
Chase Tower North, 20th Floor
Baton Rouge, Louisiana 70801
Telephone:   225.381.7000
Facsimile:    225.343.3612
Email:   cmorris@bakerdonelson.com
             dguillory@bakerdonelson.com

**ATTORNEYS FOR DEFENDANTS UNITEDHEALTHCARE, OPTUM 360, LLC AND THE LOWE'S WELFARE PLAN**

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2017, a copy of the foregoing was served on counsel for Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed.

*/s/ Jean C. Bertas*
JEAN C. BERTAS