IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**IN RE: A.C. C.**
Charles E. Chapman and Margaret L. Chapman, Parents/Co-Guardians
of Alexander C. Chapman ("A.C.C." or "Alex"); Alexander C. Chapman          Plaintiffs

V.                                                Civil Action: 1:17-CV-0075-HSO-JCG

RevClaims, LLC, a Mississippi LLC Entity;
Memorial Hospital at Gulfport ("MHG"), a Mississippi Entity;
United Health Care Services, Inc. ("UHC") and OPTUM (Putative Assignees of
Putative Claims of the Welfare Plan Committee of Lowe's Companies, Inc.
and/or Lowe's); Lowe's Welfare Plan and JOHN DOES 1 - 5          Defendants

## Motion to Remand

Plaintiffs, pursuant to law, *inter alia*, **28 U.S.C. §§ 1441, 1446-7** and **L.U.Civ.R. 5(b)**, move to remand this case to Harrison Co., MS Chancery Court for good cause shown here and in the Plaintiffs' accompanying **Memorandum**, *inter alia,* the following:

**1.**     Defendants fatally failed to comply with 28 U.S.C. §§ **1441-7** and **L.U.Civ.R. 5(b)** and Defendants failed to complete *removal* in the prescribed 30 days' [and 14-days'] time:

[A] Defendants failed to duly, **timely** file *joinders* [*consents*] in removal of *all* Defendants in the time prescribed. Further,

[B] Defendants failed to duly, timely comply with this Court's Local Rules, *inter alia*, **L. U. Civ. Rule 5 (b) Removals**: **Required Filing of the Entire State Court Record**, *to-wit:* a) Defendants failed to duly, timely "**file as an exhibit** to its Notice of Removal a copy of **the entire state court record** in the format required by the Administrative Procedures for Electronic Case Filing for the district to which it is removed," per **L.U.Civ.R. 5(b)**, and b) Defendants failed to timely "obtain and electronically **file the complete copy** in the format required...no later than **fourteen days** from the date of removal." **L.U.Civ. R. 5 (b)**. As shown here, c) Defendants' purported **"copy of the state court record"** (Doc. 2)] does not comply with the true, correct **State Court Record** that was available to the Defendants on 3-15-2017-date of *Notice of Removal* and/or on the 3-**29**-17 [**14 day**-bar date of **L.U.Civ.R. 5(b)**]. Defendants fatally omitted a true, complete copy of the **full**

**state court record**, per §§ 1441-7 and **L.U.Civ.R.5(b)**, as shown in attached, *Certified Copy of The Chancery Dockets* for March **15**, 2017 and March **29**, 2017 [**14 day**-bar date] (**Exhibit "A" hereto**) evidencing fatal deficiencies in "Defendants' *partial* record" (Doc. 2). All (A) *Summonses* and (B) *Proofs of Service* - omitted from "Defendants' *partial* record" (Doc. 2) - must be ***filed*** in *removal* under **1441** and **L.U.Civ.R.5(b)** to establish a) *removal jurisdiction, and* b) *subject matter jurisdiction* of the Court, and c) *in personam* jurisdiction of all *parties*. Defendants' failure here is evidenced by **Exhs. "A" hereto.**

**2.** The *Defendants* bear the **burden** of establishing federal jurisdiction over the case, *Jernigan*, 989 F.2d at 815 (5th Cir.1993), and "all doubts about whether federal jurisdiction exists following removal must be resolved against a finding of jurisdiction." *In re Hot-Head,* 477 F.3d at 323 (5th Cir. 2007). Section 1447(c) provides two bases for remanding cases to state court: (1) a **defect in the removal procedure**, <u>and</u> (2) the **lack of subject-matter jurisdiction**. See *Big Country Vein Relief, L.P. v. Directory Assist., Inc.*, 425 F. App'x 289 (5th Cir. 2011) and §1447(c).

**3.** This Court lacks A) **_removal_** jurisdiction and B) **_subject-matter_** jurisdiction [either on *'federal question'* or *'diversity'* jurisdiction] and D) lacks *prior*, *superior* or *in rem jurisdiction* of the funds or *Res* deposited in Chancery by 2/17/17 *Agreed Order*. (Doc. 2, *partial*, 'state court record').

**4.** This Court *cannot interfere with the (prior, superior) probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court*. **Markham v. Allen,** 326 U.S. at 494 (1946) and **Marshall v. Marshall,** 547 U.S. 293 (2006). Such applies to *guardianship* matters in a Chancery ("probate") Court - as here. Contrary to *Markham* and *Marshal*, Defendants' removal attempt takes all of a Chancery guardianship ('probate') case- <u>yet</u>, omitted **much** of the state court file: a) *Summonses*, b) *Proofs of Service*, and c) the **Res** deposited in and held by the Chancery Court. [1]

---

[1] **Bauhaus USA v. Copeland**, 292 F.3d 439 (5th Cir. 2002) held: " In the instant case, the settlement proceeds are <u>in the **registry** of the Mississippi Chancery Court</u>. In Great-West, the proceeds of the settlement were placed in a private Special Needs Trust outside the

**5.** See **_Almond v. SRHS_**, Order C.A.1:14cv446 (S.D. Miss. 1-15-15): "[A] right or immunity created by the Constitution or laws of the United States **must be an element, and an essential one, of the plaintiff's cause of action**." Id. at 942 (quoting **_Gully_ v. First Nat'l Bank in Meridian**, 299 U.S. at 112 (1936)." **Almond**, Id. [Emphasis added].   Under **_Gully's_** "essential element test," none of Chapmans' *essential* claims are truly *federal* claims, because, i.e., _First_, Chapmans' claims for $110/day **penalties** are only *analogous* claims (*inter alia*, to inform a Chancellor of *analogous* bases for *Equity-relief*, i.e., lack of clean hands, off-sets).  _Second_, like Chapmans' *constitutional claims, penalties* are only **contingent** [2] or **alternative** claims, made *if*, and *only if*, Defendants' purported, erred "ERISA scheme" applies. _Third_, such claims under the U.S. Constn are **superfluous** (given Chapmans' identical, **concurrent**, claims under under **_Mississippi's_** Constn.). Such *analogous*, *alternative* and *concurrent* claims are **not** "**an essential element of (Chapmans') cause of action**" for many good reasons, *inter alia*, a) the Chapmans' possess and asserted [1] in their *original Amended Complaint* and [2] in their **superceding**, **Second Amended Complaint** only **alternative**, **parallel**, *concomitant* **State** *Law-based* claims under *Contract, Takings, Due Process, Clauses* of **_Mississippi's_** Constitution. **Almond**. Also, b) Defendants' assertion that Defendants' erred 'claims'/'defenses' allegedly provide "*federal question jurisdiction*" - are no more "essential" to *Chapmans'* claims than SRHS' removal claims in _Almond_ or in _Gully v. First Nat'l Bank in Meridian_, 299 U.S. at 112 (1936).

---

possession and control of the plan beneficiary. Nevertheless, the defendants in this case, like the Knudsons in *Great-West*, are **not in possession** of the disputed funds, a fact that Justice Scalia found extremely important in Great-West. The Court in Great-West characterized the suit in that case as "[a] claim for money due and owing under a contract" and that such a suit is "quintessentially an action at law."[36] Because the facts in today's case are, in principle, indistinguishable from those in *Great-West*, we are bound by that decision and hold that § 502(a)(3) does **not** authorize Bauhaus' suit. **III.** For reasons stated above, we affirm the district court's dismissal of this suit for lack of federal jurisdiction because ERISA does **not** authorize this suit. Consequently, we do not reach the parties' preemption arguments. AFFIRMED." **Bauhaus**, Id. [Emphasis Added].

   [2] See _Howard v. Burns_, No. 15-10952 (5th Cir. April 5, 2016).

**6.**     The Chancery Court has ***prior, superior, concurrent*** *jurisdiction* of all matters here. Thus, this Court must ***decline*** jurisdiction under <u>**Peacock v. Thomas**</u>, 516 U.S. 349 (1996), **Comity, Abstention** and **Prior Jurisdiction** *principles* requiring This Court to honor ***prior, superior, concurrent*** *jurisdiction* of said Chancery Court. See <u>Burford</u>, 319 U.S. 315 (1943); <u>Younger</u>, 401 U.S. 37 (1971); <u>Huffman</u>, 420 U.S. 592 (1975); <u>Colorado River</u>, 424 US 800 (1976) and like cases. See Chapmans' ***Memorandum*** filed herewith. Also, **Remand** is also due as *Defendants'* alleged *'claims* and *defenses'* are <u>barred</u> by A) **procedural** and B) **substantive law**. See ***Memorandum.***

            WHEREFORE, considering all here and in *Pls.'* **Second** *Amended Complaint* (R. 2) and *Exhibit*s and accompanying ***Memorandum*** and ***Exhibits***, the Chapmans **move for remand** to said Chancery Court, and for "costs and expenses, including attorney fees (and lost interest) incurred as a result of the removal." 28 U.S.C.1447(c). *Alternatively*, if **not** remanded, they <u>move</u>, per **29 U.S.C. §1132(d)** and <u>**Crosby** v. La. Health Serv. and Indem. Co.</u>, 647 F.3d 258 (5th Cir. 2011), <u>for</u> **[A] Discovery**, *inter alia*, **Ex. 'F' to *Memorandum*** filed herewith*,* to secure and review (a) "***The Plan***" and (b) all *other missing Plan documents* needed to duly determine all issues, *inter alia*, ***jurisdiction***, and, for **[B]** <u>time</u> for Discovery and **[C]** <u>time</u> to respond to Defs' *motions* (i.e., Doc. 3).

                        Respectfully submitted, this the <u>4th</u> day of April, 2017.
                        Charles E. Chapman and Margaret L. Chapman, Parents/Co-Guardians of Alexander C. Chapman ("A.C.C." or "Alex"); Alexander C. Chapman, Plaintiffs

By: /s/ *Matt G. Lyons*
Matt G. Lyons, Esq. (MS Bar 1743)          John G. Corlew, Esq. (MS Bar # 6526)
910 Washington Ave.                                   CORLEW, MUNFORD & SMITH, PLLC
Ocean Springs, MS 39564                           P.O. Box 16807
Tel:  228- 872-1855                                       Jackson, MS 39236
E-mail: mattglyons@aol.com                      Tel: 601-366-1106 -Fax: 601-366-1052
                                                                          E-mail: jcorlew@cmslawyers.com

Certificate of Service

        I certify, on this date, <u>April 4, 2017</u>, that I electronically filed the foregoing with the Clerk of Court, by using the ECF system which sent notification to all counsel of record, i.e.: Jean C. Bertas, l00 Vision Dr., Ste 400, P.O. Box 14167, Jackson, MS 39211; E-mail: *jbertas@bakerdonelson.com* and Stephen J. Buccola, P. O. Box 12535, Jackson, MS 39236; E-mail: *sbuccola@revclaims.com* and I served by agreed method, E-mail, the foregoing to the following non-ECF participant: Roland F. Samson, III, Esq., P.O. Box 1417, Gulfport, MS 39502-1417, E-mail: *rsamson@splawfirm.com*. Counsel for Memorial Hospital at Gulfport.
            This 4th day of April, 2017.                    By:/s/ *Matt G. Lyons*
                                                                                    Matt G. Lyons  (MS Bar #1743)