IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



EXHIBIT 2

In Re: A.C. C.
Charles E. Chapman and Margaret L. Chapman, Parents/Co-Guardians
of Alexander C. Chapman ("A.C.C." or "Alex"); Alexander C. Chapman      Plaintiffs

V.                          Civil Action: 1:17-cv-0075-HSO-JCG

RevClaims, LLC, a Mississippi LLC Entity; Memorial Hospital at Gulfport ("MHG"),
a Mississippi Entity; UnitedHealthCare Services, Inc. ("UHC") and OPTUM (Putative
Assignees of Putative Claims of the Welfare Plan Committee of Lowe's Companies,
Inc. and/or Lowe's); Lowe's Welfare Plan and JOHN DOES 1 - 5          Defendants

### FRCP 45(d)(2)(A) Subpoena to Produce Documents *Only*

To:
Dan Firschein, Claims Agent and/or custodian of records of Great West Casualty Company
Great West Casualty Company, Division of Old Republic Insurance Group [GWCC Claim #H22057]
4455 LBJ Freeway Suite 700, Dallas, TX 75244 (or Where Found)
[Mississippi Insurance Company License # 7700720]
**c/o Mike Chaney, State of Mississippi Insurance Commissioner**
1001 Woolfolk State Office Building, 501 N. West St.
Jackson, MS 39201

You Are Commanded to produce to the Plaintiffs at the Law Office of Matt G. Lyons, 910 Washington Ave., Ocean Springs, MS 39564, at 2:00 p.m. on October 30, 2017, full, true copies of all **documents** evidencing **communications** (including, but not limited to, e-mail, faxes, letters, cc: and bc: copies, telephone and in-person calls) **re: said Alexander Chapman - which occurred by, between, among**
I. any representatives, agents, attorneys, contractors of **Great West Casualty Company and**
II. any representatives, agents, attorneys, contractors of any of the following entities:
   United HealthCare Services, Inc.
   United HealthCare, Inc.
   United HealthCare Insurance Company
   United Health Group Incorporated
   Optum
   Optum Services, Inc.
   OptumInsight, Inc.
   Optum360 Services Inc
   Optum360, LLC
   OptumHealth Financial Services, Inc.
   OptumHealth Care Solutions, LLC
   Optum Settlement Solutions and/or other similarly-named entities **during 2014 to 2018.**
Your personal attendance is **not** required. Only full, true copies of said documents is required.
The following provisions of Fed.R.Civ P. 45 are attached Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.
Date: October 8, 2017
Clerk of Court:        *Matt G. Lyons, Esq.*
Signature of Clerk **or** Deputy Clerk **or Attorney's signature**
The name, address, e-mail address, and telephone number of the Attorneys representing the Plaintiffs:
Matt G. Lyons, MSB1743, 910 Washington Av., Ocean Springs MS 39564, mattglyons@aol.com; 228-872-1855
John G. Corlew, MSB 6526, PO Box 16807, Jackson MS 39236, jcorlew@cmslawyers.com; 601-366-1106

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**In Re: A.C. C.:** Charles E. Chapman and Margaret L. Chapman, Parents/Co-Guardians of Alexander C. Chapman ("A.C.C." or "Alex"); Alexander C. Chapman, Plaintiffs
v.      USDC, SD MISS., Civil Action No. 1:17-cv-0075-HSO-JCG
RevClaims, LLC, et al., Defendants

**PROOF OF SERVICE**
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

___ I received this subpoena for (name of individual and title, if any) _____ on (date) _____.

___ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on (date) _____ ; or

___ I returned the subpoena unexecuted because: _____.

My fees are $_____ for travel and $_____ for services, for a total of $_____ .
Other:_____
I declare under penalty of perjury that this information is true.
Date:_____
Server's signature_____
Printed name and title_____
Server's address_____
Added information regarding attempted service, etc.:_____

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)** * * *

**(c) Place of Compliance.**
(1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.
(2) **For Other Discovery. A subpoena may command:**
(A) **production of documents**, electronically stored information, or tangible things at a place **within 100 miles of where** the person resides, is employed, or **regularly transacts business** in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction which may include lost earnings and reasonable attorney's fees on a party or attorney who fails to comply.
(2) **Command to Produce Materials** or Permit Inspection.
(A) **Appearance Not Required. A person** commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, **need not appear in person at the place of production** or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified.
If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)**(C). The court may specify conditions for the discovery.**
**(2) Claiming Privilege or Protection.**
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

[Note: No attendance or mileage fee is required for subpoenas commanding the production and/or the inspection of documents (see *Benek v. Kan. City Life Ins. Co.*, No. 07-cv-5142, 2008 WL 356661, at *1 (W.D. Wash. Feb. 6, 2008)). This is because the recipient is not required to attend the production, unless the subpoena also commands the recipient to appear for a deposition, hearing or trial (FRCP 45(d)(2)(A)).]

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).