IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHARLES E. CHAPMAN, ET AL.                                    PLAINTIFFS

v.                                              CIVIL NO. 1:17cv75-HSO-JCG

REVCLAIMS, LLC, ET AL.                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION [8] TO REMAND

BEFORE THE COURT is Plaintiffs Charles E. Chapman, Margaret L. Chapman, and Alexander C. Chapman's Motion [8] to Remand. This Motion is fully briefed. The Court, having considered the pleadings on file, the record as a whole, and relevant legal authority, finds that because there was a procedural defect in the removal of this case, remand is required.

### I. FACTS AND PROCEDURAL HISTORY

This case arises out of "catastrophic injuries" suffered by Plaintiff Alexander C. Chapman ("Alexander"), a minor at the time, in an automobile accident that occurred on May 26, 2014, in the State of Louisiana.[1] Am. Compl. [1-2] at 6. On July 18, 2014, an Order Appointing Co-Guardians and Granting Other Relief was entered in the Chancery Court of Harrison County, Mississippi, First Judicial District, Case Number 24CH1:14cv1815-JP, appointing Plaintiffs Charles E. Chapman and Margret L. Chapman ("Plaintiffs") Guardians of Plaintiff

---

[1] Plaintiff Alexander C. Chapman reached the age of majority on January 29, 2015, when he turned 21. Am. Compl. [1-2] at 6.

A.C.C.[2] State Court Record [2] at 17-20. The Order granted the Chapmans the authority to retain counsel and "to take such action and seek relief and recovery of damages, benefits and such other remedies which may accrue for said Minor Child's injuries, losses, disabilities and damages." *Id*. at 18. Plaintiffs filed suit in the United States District Court for the Eastern District of Louisiana against "third parties" and on or around November 18, 2015, settled these claims. Notice of Removal [1] at 4.

On February 13, 2017, Plaintiffs filed an Amended Complaint for Interpleader, Injunctive and Other Relief in the Chancery Court case. Am. Compl. [1-2] at 4-27. Plaintiffs named RevClaims, LLC, Memorial Hospital at Gulfport, United Health Care Services, Inc., OPTUM, Lowe's Welfare Plan, and John Does 1-5 as Defendants. Plaintiffs tendered $167,511.89 into the registry of the Chancery Court and sought a judicial determination of whether any of Defendants held a valid claim to the any of the interpleaded funds, and if not sought return of the funds to Plaintiffs.[3] *Id*. Plaintiffs filed a Second Amended Complaint on March 7, 2017. State Court Record [2] at 64-91.

---

[2] The original case number was 14-1815(1) however it appears to the Court that the case number was revised to 24CH1:14cv1815-JP when the Chancery Court began accepting electronic filings. *See* State Court Record [2] at 2-5.

[3] An Agreed Order for Interpleader of Funds was signed by the Chancellor on February 17, 2017, and the funds were deposited into the Registry of the Chancery Court. State Court Record [2] at 61-63.

Defendants United Health Care, Inc., OPTUM, and Lowe's Welfare Plan ("Removal Defendants") removed the case to this Court on March 15, 2017, invoking federal question jurisdiction under 28 U.S.C. § 1441(a), specifically, claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA").  Notice of Removal [1] at 1-7.  The Notice of Removal asserts that OPTUM was served on February 14, 2017, and was the first Defendant to be served.[4]  *Id*. at 2.  The Removal Defendants stated that they "procured the consent of each of the other defendants in this lawsuit to this removal." *Id.*

Plaintiffs filed a Motion [8] to Remand arguing that the Removal was procedurally defective, including the failure of all Defendants to file written joinders or written consent to the removal, and that ERISA does not preempt their Chancery Court Interpleader case.  Mot. to Remand [8] at 1-4.

The Removal Defendants filed a Response [15] maintaining that removal was proper because each Defendant that had been served with process consented to the removal, Resp. in Opp'n [15] at 2-3, and that the Notice of Removal contained a "short plain statement demonstrating entitlement to this removal,"

---

[4] The Chancery Court Docket reflects that on March 29, 2017, Plaintiffs filed Affidavits attesting that they had effected service of process of the Amended Complaint on RevClaims, LLC, UnitedHealthCare Services, Inc., and OPTUM on February 14, 2017.  Chancery Court Docket [10-1] at 4.

*id*. at 4. The Removal Defendants contend that Plaintiffs' claims for "unjust enrichment" are preempted by ERISA and thus removable, citing as authority *Carducci v. Aetna U.S. Healthcare*, 204 F. Supp. 2d 796 (D.N.J. 2002).

## II. DISCUSSION

A. The Removal Procedure

28 U.S.C. § 1441(a) provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction. 28 U.S.C. § 1441(a). Section 1446 sets forth the procedure for removing a civil action to federal court:

> (a) Generally.—
> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
> (b) Requirements; Generally.—
>
> \* \* \*
>
> (2) (A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
> (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
> (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal

4

> even though that earlier-served defendant did not previously initiate or consent to removal.

28 U.S.C. § 1446(a), (b)(2)(A)-(C).

Removal of cases from state court implicates significant federalism concerns. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). "Federalism concerns animate the rule requiring strict construction of removal statutes." *Beiser v. Weyler*, 284 F.3d 665, 674 (5th Cir. 2002). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)).

The principle embodied in § 1446(b)(2)(A) is sometimes referred to as the "rule of unanimity." *Spillers v. Tillman*, 959 F. Supp. 364, 368 (S.D. Miss. 1997); *see Pike Cty., Miss. v. Aries Bldg. Sys., LLC*, No. 5:17-CV-17-DCB-MTP, 2017 WL 1737722, at *2 (S.D. Miss. May 3, 2017) (citing 28 U.S.C. § 1446(b)(2)(A)). "The rule of unanimity requires that all defendants to an action either sign the original petition for removal *or* timely file written consent to the removal." *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015) (emphasis in original) (citing *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988)).

The Fifth Circuit has held that

> while it may be true that consent to removal is all that is required under section 1446, a defendant must do so itself. This does not mean that each defendant must sign the original petition for removal, but

5

> there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to "bind" the allegedly consenting defendant.

*Getty Oil*, 841 F.2d at 1262 n.11.

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). By filing a timely motion to remand, a plaintiff is deemed to have "explicitly refused to 'acquiesce' to the choice of forum." *Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 285 (5th Cir. 2004). In this case, Plaintiffs filed their Motion [8] to Remand on April 4, 2017, within thirty days of the March 15, 2017, Notice of Removal [1].

B.  Remand is required because the removal was procedurally defective.

The Notice of Removal [1] was filed on March 15, 2017, and stated that the Removal Defendants had "procured the consent of each of the other defendants in this lawsuit to this removal." Therefore, to perfect the removal, written consents to the removal were required to be filed by each of the other Defendants within thirty days of service upon them of the Amended Complaint. *See Powers*, 783 F.3d at 576.

According to the Chancery Court docket, Defendant RevClaims, LLC ("RevClaims"), was served with the Amended Complaint on February 14, 2017.

6

State Court Docket [13] at 5. The record in this Court reflects that RevClaims did not file a written consent to the removal. The only pleading filed by RevClaims that could possibly be construed to be written consent to the removal was its April 19, 2017, Joinder [16] in the Removal Defendants' Response [15] in Opposition to Plaintiffs' Motion [8] to Remand.[5] However, this Joinder was filed more than 30 days after RevClaims was served on February 14, 2017, and would therefore constitute an untimely consent.

Plaintiffs timely raised a procedural defect in the removal of this case. Defendants have not carried their burden of demonstrating that removal was proper, as they have not shown compliance with the rule of unanimity required by 28 U.S.C. § 1446. Because the Court finds that remand is appropriate based on this procedural defect, it need not reach the question of its subject-matter jurisdiction.

C.  <u>Plaintiffs' request for costs and expenses will be denied.</u>

Plaintiffs seek an award of costs and expenses from the Removal Defendants pursuant to 28 U.S.C. § 1447(c). Mot. to Remand [8] at 4 (citing 28 U.S.C. § 1447(c)). The Court finds that this request should be denied.

---

[5] RevClaims' Answer, filed on March 22, 2017, did not contain an unambiguous statement of consent to the removal, or even mention the removal, and cannot be construed as written consent to the removal. "The mere filing of an answer is hardly a clear, unambiguous expression of consent." *Granderson v. Interstate Realty Mgmt. Co.*, No. 5:06cv100, 2006 WL 3422359, at *2 (S.D. Miss. Nov. 27, 2006) (citing *Spillers v. Tillman*, 959 F. Supp. 364 (S.D. Miss. 1997)).

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c). The Fifth Circuit has held that "§ 1447(c) fee awards are cost recoupments, hence punitive in policy only," and should only be awarded if the removing party lacked an objectively reasonable basis for removal.  *American Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 542 (5th Cir. 2012) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005); *Howard v. St. Germain*, 599 F.3d 455, 457 (5th Cir. 2010)).  In determining whether attorneys' fees should be awarded, the district court does not consider the motive of the removing defendant, but must evaluate "the objective merits of removal [at the time of removal], irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292-93 (5th Cir. 2000).

Having considered the record as a whole, the Court finds that the Removal Defendants did not lack an objectively reasonable basis for removing the case. Plaintiffs are therefore not entitled to an award of costs and expenses under § 1447(c), and this request will be denied.  *See American Airlines*, 694 F.3d at 542; *Valdes*, 199 F.3d at 292-93.

III. <u>CONCLUSION</u>

Because Defendants United Health Care, Inc., OPTUM, and Lowe's Welfare Plan have not carried their burden of demonstrating that removal was procedurally proper, Plaintiffs Charles E. Chapman, Margaret L. Chapman, and Alexander C. Chapman's Motion [8] to Remand must be granted. Plaintiffs' request for costs and expenses under 28 U.S.C. § 1447(c) will be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiffs Charles E. Chapman, Margaret L. Chapman, and Alexander C. Chapman's Motion [8] to Remand is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that this case is remanded to the Chancery Court of Harrison County, Mississippi, First Judicial District, and that a certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiffs' request for costs and expenses under 28 U.S.C. § 1447(c) is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 14th of February, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE